[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13645
Non-Argument Calendar
_____

D.C. Docket No. 9:17-cv-80754-RLR

BMP FAMILY LIMITED PARTNERSHIP,
PRESLEY LAW AND ASSOCIATES, P.A.,

Plaintiffs - Appellants,

versus

UNITED STATES OF AMERICA,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 1, 2018)

Before TJOFLAT, WILLIAM PRYOR, and ROSENBAUM, Circuit Judges.

PER CURIAM:

This case is a companion to, and is resolved by, *Presley v. United States*, 895 F.3d 1284 (11th Cir. 2018).  In *Presley*, the plaintiffs—including current Plaintiffs-Appellants BMP Family Limited Partnership ("BMP") and Presley Law and Associates, P.A. ("Presley Law")[1]—petitioned to quash summonses the Internal Revenue Service ("IRS") sent to a bank in the course of investigating the 2014 federal income-tax liabilities of BMP and Presley Law.  895 F.3d at 1287–88.  The IRS requested records pertaining to accounts over which the plaintiffs had signatory authority.  *Id.*  In seeking to quash the summonses, the plaintiffs objected that some of these records revealed their clients' financial information.  *Id.* at 1288.  The government moved to dismiss, and the district court granted the government's motion.  *Id.*

The plaintiffs appealed the dismissal on two grounds.  *Id.* at 1290.  First, they argued that the Fourth Amendment requires the government to demonstrate probable cause because their clients had a reasonable expectation of privacy in the records held by the bank.  *Id.*  Second, they contended that the IRS was obligated to proceed under 26 U.S.C. § 7609(f) by issuing John Doe summonses to their clients and petitioning the district court for an ex parte hearing before obtaining plaintiffs' bank-account records.  *Id.*

---

[1] *Presley* included two additional plaintiffs who are not parties here: Michael Presley and Cynthia Presley.

2

Rejecting these arguments, we affirmed.  We held that probable cause was not required because the plaintiffs' clients lacked a reasonable expectation of privacy in financial records held by the bank, that the IRS summonses were reasonable under the Fourth Amendment, and that the procedures required by 26 U.S.C. § 7609(f) did not apply.  *Id.* at 1291–95.  We therefore concluded that the IRS could enforce the summonses.

*Presley* controls here.  As BMP and Presley Law note in their brief, "[t]he only notable difference between this matter and the companion case [*Presley*] is that the summonses here seek to obtain records from December 31, 2014 through and including January 1, 2016, which are dates different from the companion case." Appellants' Br. at 3.  In all other respects this case is identical to *Presley*.  The same plaintiffs, BMP and Presley Law, petitioned to quash IRS summonses requesting the same kinds of financial records at issue in *Presley*.  The district court dismissed the action, and BMP and Presley Law now appeal the dismissal on the same grounds that we addressed and rejected in *Presley*.  Because the dates of the records at issue do not affect the resolution of the legal issues, we affirm for the reasons explained more fully in *Presley*.

**AFFIRMED.**